CARROLL, DONALD, K., Judge.
The defendant in a suit for specific performance has appealed from a final decree entered by the Circuit Court for Okaloosa County ordering him to perform an agreement to repurchase certain real property.
The pertinent facts established in the record are these: On or about July 22, 1960, the plaintiffs purchased from the defendant certain described land in Okaloosa County. As a part of the consideration for this purchase, the parties on the said date entered into a repurchase agreement in which the defendant agreed to repurchase the said land from the plaintiffs under certain specified conditions.
The question before us on this appeal is whether the said court erred in entering its final decree directing the defendant to repurchase the said land.
The said repurchase agreement recites that on the same date the defendant is selling the said land to the plaintiffs for the price of $18,500; that the plaintiffs are subject to transfer from the area for reasons of employment or for other reasons; that the plaintiffs may, for reasons other than transfer from the area, wish to sell the said land but there is some uncertainty in their minds as to its resale value, and the defendant wishes to guarantee that the plaintiffs will not suffer a loss on the sale of the land within a reasonable period of time; that, in consideration of the said purchase by the plaintiffs and other considerations, ^the parties agree that if the plaintiffs shall desire for any reason to sell the said land “at anytime within twelve months of the date of this agreement,” they shall be at liberty to do so and they need not, but at their option, may offer the land for sale to the defendant, who agrees to accept the said offer and will repurchase the land from them for the sum of $18,500, payable as follows: the defendant will pay the unpaid balance of a certain mortgage that had been executed by the plaintiffs on the land, will pay them for their equity in the property, the equity being the difference between the unpaid balance on the mortgage and $18,500, and will, in addition, pay on a pro-rata basis any prepaid hazard insurance and taxes. The parties further agreed that the said repurchase shall be made within 15 days from the date of written notice from the plaintiffs to the defendant of their intention to exercise the agreement and the furnishing of satisfactory evidence to the defendant that the property is free and clear of all encumbrances except the mentioned mortgage. The conveyance, the parties agreed, would be by warranty deed.
Upon final hearing the Circuit Court entered the final decree appealed from, ordering the defendant to perform the agreement of July 22, 1960, and to repurchase the subject land from the plaintiffs for the *886 price of $3,820.03. The final decree, which was dated November 29, 1962, further provided that the defendant shall have ten days from the date of the decree to perform as aforesaid, and that, if he fails to do so, the plaintiffs shall have judgment against him for the said sum.
The dates pertinent to the present inquiry are these: The repurchase agreement was executed by the parties on July 22, 1960. The notice required by the agreement was given in writing by the plaintiff to an agent of the defendant on July 19, 1961. The plaintiffs did not, however, tender an abstract of title to the defendant until September 13, 1961. The record fails to reveal that there were any encumbrances on the land other than the said mortgage^
On June 1, 1962, the defendant having failed to repurchase the land, the plaintiffs filed their complaint seeking specific performance of the repurchase agreement by the defendant.
The appellant-defendant contends on this appeal that the above facts are not sufficient to impose a contractual duty upon him to repurchase the land. We cannot agree. The plaintiffs gave their notice of intention within the twelve months required by the agreement. Even construing the agreement to mean that the defendant had fifteen days within which to repurchase the land after the furnishing of satisfactory proof that the property is free and clear of encumbrances, except the said mortgage, we think-such furnishing was substantially accomplished when the plaintiffs tendered to the defendant the abstract of title on September 13, 1961. That being so, the defendant had fifteen days from that date within which to make the repurchase. This he failed to do, nor had he done so when this suit was commenced on June 1, 1962.
In the final decree appealed from, therefore, the court correctly held that the equities were with the plaintiffs and ordered the defendant to repurchase the land in accordance with his promise in the repurchase agreement. We think also that in the final decree the court properly applied the formula provided in the agreement for computing the repurchase price. Accordingly, the final decree must be and it is
Affirmed.
STURGIS, Chief Judge, and RAWLS, J., concur.